```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MONICA D. KIRBY,
                                                       MEMORANDUM AND ORDER
                    Plaintiff,
                                                       Case No. 1:20-cv-02270-FB
    -against-

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------------x
```

*Appearances:*
*For the Plaintiff*:
DANIEL BERGER, ESQ.
1000 Grand Concourse
Bronx, NY 10451

*For the Defendant*:
SETH DuCHARME, ESQ.
Acting United States Attorney
Eastern District of New York
By: ANNE M. ZEIGLER, ESQ.
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Monica Kirby seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Kirby's motion is granted, the Commissioner's motion is denied, and this case is remanded.

## I.

Kirby seeks benefits for the closed period of March 19, 2016 to November 6, 2017. During that time, she suffered from the following severe impairments:

1

degenerative disc disease of the lumbar and cervical spines, left shoulder strain, anxiety, and depression. Several years ago, Kirby was hit by a car as a pedestrian, and in 2013, she again injured her back, neck, and shoulder while moving products for work. An MRI in February 2016 revealed degenerative disc disease with mild disc displacement disease and straightening of the spine, as well as cervical radiculopathy, cervical disc displacement, lumbar radiculopathy, and lumbar intervertebral disc displacement. An MRI in February 2017 revealed mild degenerative disc disease and osteoarthritis. She received epidural steroid injections, wore a back brace, did physical therapy, and took pain medication. The medication caused disorientation, nausea, constipation, and memory problems. Kirby also suffered from major depressive disorder and generalized anxiety disorder, for which she was prescribed several medications and attended weekly therapy sessions.

During the closed period, Kirby saw Dr. Alexander Rances, a physician and pain management specialist, every two to four weeks. He opined that she could stand for 30 minutes at a time, sit for one hour at a time, and had difficulty performing basic movements. R. 521-26. He stated that her condition would persist for at least a year. Kirby also saw Maria Gabrielli, LCSW, Iskander Enikeev, MD, and Tenisha Simon, NP of New York Psychiatric Services for her mental impairments. Ms. Gabrielli met with Kirby weekly for therapy from December 2016 to July 2017. R. 538-55. She opined that Kirby exhibited marked deficiencies in her understanding

and memory, and moderate to extreme deficiencies in concentration, concluding that Kirby's ability to work was extremely limited. Ms. Gabrielli concluded the impairments would prevent Kirby from working at least 20% of the time. R. 529. In 2017, Dr. Enikeev and NP Simon performed monthly psychiatric evaluations and prescribed multiple medications for Kirby. R. 310-21. Kirby was also examined by Dr. Olga Yevsikova, orthopedic consultant, and Dr. Clementina Porcelli, Ph.D., psychiatric consultant. R. 297-302; R. 303-07. Both examinations were consistent with Kirby's treating sources. Dr. K. Gawley, a non-examining psychological consultant, provided an opinion based on the written record.

Kirby filed an application for DIB on February 27, 2017, alleging disability beginning on March 29, 2016. The claim was denied on June 19, 2017. After denial, Kirby requested a hearing. On February 8, 2019, a video hearing was held. Administrative Law Judge Scott Johnson presided over the hearing from Topeka, KS. On March 4, 2019, ALJ Johnson issued a decision denying the claim. The Appeal Counsel denied Kirby's request for review. This lawsuit followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere

scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating physician "as to the nature and severity of the impairment" unless it is "inconsistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). First, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id*. at 95. Then, "if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give" and must "explicitly consider" the four nonexclusive *Burgess* factors: (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist. *Estrella*, 925 F.3d at 95-96 (*citing Burgess,* 537 F.3d at 129 and 20 C.F.R. § 404.1527(c)(2)).

In denying her claim, ALJ Johnson gave "little weight" to the opinions of Kirby's treating sources and the consulting examiners. He gave "great weight" to the non-examining consultant. However, at step two, ALJ Johnson did not explicitly consider the *Burgess* factors. He stated that Dr. Rances's "opinions are not well-supported by the medical evidence of record." R. 19. He also stated that the opinion of Ms. Gabrielli, LCSW, "is internally inconsistent with her own observations" and with Kirby's "routine and conservative treatment," and presented in "checkbox format without narrative discussion." [1] *Id.* NP Simon's opinions were also given "little weight," despite consisting of notes from treatment over eight months, because they "relate directly to the ultimate issue of whether the claimant is disabled…which is reserved to the Commissioner." *Id.* The ALJ provided no determination or explanation on the weight given to the opinion of Dr. Enikeev. It is apparent that the ALJ improperly, and perhaps exclusively, relied on the findings of the non-examining consultant. *Rodriguez v. Barnhart*, 249 F. Supp. 2d 210, 214 (E.D.N.Y. 2003) ("[I]n evaluating a claimant's disability, a non-examining physician's opinions are entitled to only limited weight.") (citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)). On remand, the ALJ must give appropriate weight to Kirby's treating sources and adequately explain the reasons for the weight given.

---

[1] This is empirically false. Ms. Gabrielli completed forms for Mental Residual Functional Capacity Assessment and provided several pages of narrative summaries in the form of post-session notes. R. at 538-55.

5

## IV.

The ALJ's final opinion is not supported by substantial evidence. In addition to relying on the non-examining consultant, ALJ Johnson cherry-picked from the treating sources' medical opinions to support his decision, effectively replacing their judgment with his own. This is not proper. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'") (quoting *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983)); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)). Further, neither Kirby's ability to perform personal tasks—like showering, getting dressed, and going to doctor's appointments—her "conservative" treatment choices, nor her decision to return to work after a period of disability amounts to substantial evidence. ECF No. 18 at 17; *Burgess*, 537 F.3d at 129 ("Nor is the opinion of the treating physician to be discounted merely because he has recommended a conservative treatment regimen."); *Cabibi v. Colvin*, 50 F.Supp.3d 213 (E.D.N.Y 2014) ("A claimant need not be an invalid to be found disabled."); *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) ("Such [personal] activities do not by themselves contradict allegations of disability, as people should not be penalized for enduring the pain of

their disability in order to care for themselves.") (internal citations omitted); *Goldstein v. Harris,* 517 F.Supp. 1314, 1317 (S.D.N.Y. 1981) (ALJ erred in concluding plaintiff's return to substantial gainful activity within twelve months of alleged disability period demonstrated he was not previously disabled, a result that "would contravene the general rule that the Social Security Act be considered a remedial statute to be broadly construed and liberally applied.") (internal quotation marks and citations omitted).

## CONCLUSION

For the foregoing reasons, Kirby's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                      /S/
                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
September  15 , 2021

7